842 F.2d 239
 FEDERAL SAVINGS AND LOAN INSURANCE CORPORATION, a corporate
instrumentality of the United States of America,
Plaintiff-Appellant/Cross-Appellee,
v.
ANGELL, HOLMES & LEA, a law partnership,
Defendant-Appellee/Cross-Appellant,
Van Voorhis & Skaggs, a law partnership, Defendant-Appellee.
 Nos. 87-1546, 87-1593.
 United States Court of Appeals,
Ninth Circuit.
 March 29, 1988.
 
 Before ANDERSON, NOONAN and THOMPSON, Circuit Judges.
 
 ORDER
 
 1
 The appellees move to modify the opinion in this case, Federal Savings and Loan Insurance Corp. v. Angell, Holmes & Lea, 838 F.2d 395 (9th Cir.1988), to guide further proceedings in the district court. They assert that the following questions are still open for litigation:
 
 
 2
 whether FSLIC engaged in wrongful conduct in failing to prosecute the action in a timely manner; whether and to what extent FSLIC is responsible for minimizing damages; whether the unclean hands defense and other equitable defenses will bar or reduce FSLIC's claim; whether the firms have a right to accept and keep a "true retainer" (as opposed to a fee advance) irrespective of discharge by the client or its successor, as permitted by California law; whether the firms are entitled to retain monies paid and earned, where the Association-payor was solvent and the contract was reasonable; whether the firms hired by the Association may legally retain monies earned which were paid out of shareholders' assets, and where no depositor losses were threatened or incurred; whether the statutory language of 12 U.S.C. Sec. 1729(d) authorizes the adoption of a regulation that allows FSLIC to avoid contracts on the sole ground that they are "burdensome"; whether FSLIC can prove that the contract it sought to avoid was "burdensome" and therefore voidable; whether the regulation upon which FSLIC bases its authority to avoid "burdensome" contracts is constitutional; whether FSLIC was unjustly enriched by virtue of its agreement to allow the firms to continue the prosecution of the "Bank" case; and, whether the firms are entitled to a credit for costs.
 
 
 3
 The judgment of the court is dispositive of these issues. FSLIC did not fail to prosecute the action in a timely fashion. There is no issue of FSLIC's "minimizing damages"; FSLIC was entitled to restitution of the sums in the hands of the law firms. There is no unclean hands defense that the firms may raise at this time; the assertion that such a defense might exist appears to be a restatement of the firms' contention that FSLIC was estopped. The court has already held that the sums involved were fees paid in advance and not retainers. The court has already held that the firms cannot retain the money "as paid and earned," except for what was earned prior to the receivership. The other issues are frivolous restatement of arguments already presented. The firms are not entitled to "credits for cost" after April 13, 1982 when their employment was ended.
 
 
 4
 The appellees' motion to modify the opinion is denied. The district court is directed to subtract from the amount paid by Fidelity a sum, not to exceed $25,000, equal to the reasonable value of the services of the firms between March 22, 1982 and April 13, 1982. The firms are to be directed to return their respective shares of the remaining sum with legal interest from April 13, 1982.
 
 
 5
 Any further proceedings in the district court shall be in accordance with the opinion and this order.